IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY LEE ELLIS, (TDCJ-CID #02013990) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-18-0909 |
| BRAD LIVINGSTON, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

The plaintiff, Randy Lee Ellis, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a complaint under 42 U.S.C. § 1983. In this case, Ellis sues twenty-four prison officials. Ellis presented various claims relating to the conditions of his confinement at the Denton County Jail, Gurney Unit, Terrell Unit, Jester III Unit, and Ferguson Unit. He complained of the denial of adequate medical care, discrimination based on his disability, and denial of an adequate grievance process.

The original complaint filed by Ellis made allegations against numerous defendants and involved more than one transaction. Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. By naming multiple defendants and

including numerous transactions, Ellis's complaint does not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed).

On April 29, 2018, this Court struck Ellis's original complaint, (Docket Entry No. 1), because it did not comport with the Federal Rules of Civil Procedure. (Docket Entry No. 7). This Court ordered Ellis to file an amended complaint by May 21, 2018, using the attached forms. This Court admonished Ellis that his amended complaint must comply with the Federal Rules of Civil Procedure by including only one claim (*i.e.*, one set of related facts and circumstances stemming from one incident or issue), unless the other contentions alleged were related to the same incident. Ellis was further advised that all unrelated claims must be filed as separate actions, and his amended complaint must consist of no more than the five-page form provided by the Clerk plus a legibly handwritten or double-spaced typed addendum consisting of no more than ten pages, for a total of fifteen pages or less. This Court further warned Ellis that failure to comply within the time specified may result in dismissal of this action for want of prosecution.

To date, Ellis has not submitted an amended complaint in compliance with this Court's order entered on April 19, 2018. (Docket Entry No. 7). Ellis's failure to comply with this Court's order forces this Court to conclude that he lacks due diligence. Under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995); 8 JAMES WM. MOORE ET AL.,

MOORE'S FEDERAL PRACTICE § 41.51(3)(b) & (e) (3d ed. 2017). Upon a proper showing, relief from this order may be granted in accordance with FED. R. CIV. P. 60(b). *See Link*, 370 U.S. at 635.

This action is DISMISSED without prejudice for want of prosecution.

SIGNED at Houston, Texas, on __MAY 2 4 2018__.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE